# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                              )<br>                          **Plaintiff,**       )<br>                                                              )          **CRIMINAL ACTION**<br>v.                                                          )<br>                                                              )          No. 02-20082-02-KHV<br>SIGIFREDO MORALES-MORALES,     )<br>                                                              )<br>                          **Defendant.**    )<br>_____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To Vacate, Set Aside, Or Correct Sentence–28 USC § 2255, Motion To Provide Movant With Change Of Plea Transcript, Motion To Provide Movant With Sentencing Transcript, Motion To Extend Time Of Traverse To 28 USC § 2255 (Doc. #62) filed June 18, 2004. For reasons set forth below, the Court overrules defendant's motion.[1]

## Factual Background

On September 19, 2002, a grand jury returned a two-count indictment which, in part, charged defendant with possession of cocaine with intent to distribute 500 grams or more in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See Indictment (Doc. #14). Defendant pled guilty to that charge. In the plea agreement, defendant agreed that the evidence would show as follows:

---

[1] As to defendant's motion for a copy of the change of plea and sentencing transcripts, the Court addressed defendant's request in its order of December 20, 2004. See Doc. #69. Both transcripts are now part of the record and the Clerk has already mailed defendant copies of the transcripts. See Docs. ##67, 68. As to defendant's request for additional time to file a reply brief, the Court granted plaintiff an extension of time until December 29, 2004. See Doc. #69. To date, defendant has not filed a reply.

> On September 9, 2002, at approximately 12:55 hrs., Kansas Highway Trooper K.L. Woods was patrolling in Johnson County, Kansas on I-35 northbound at milepost 207. At that time, the officer stopped a white Lincoln automobile bearing Kansas temporary tag No. 515358 for a traffic violation. The driver of the vehicle identified himself with a Kansas driver's license, No. K00952856, as Carlos Sosa-Camacho but later was identified as Jose Salas-Batres. The passenger in the automobile was SIGIFREDO MORALES-MORALES, the defendant. After receiving the consent of the occupants of the vehicle, a search was made of the vehicle and six (6) packages wrapped in duct tape were recovered with a total weight of more than 3 kg. The defendant stipulates and agrees that the packages recovered on September 9, 2002, contained 500 grams o[r] more of a mixture and substance containing cocaine; that he knew that the substance he possessed contained cocaine; and that he possessed the cocaine with the intent to distribute it to another person or persons.

Plea Agreement ¶ 2, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #48) filed February 10, 2003.

In the plea agreement, defendant also agreed to waive his rights of appeal and collateral attack as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal his sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 9.

On June 9, 2003, the Court sentenced defendant to a term of imprisonment of 121 months. The Court enhanced defendant's sentence two levels under U.S.S.G. § 3C1.1 because he obstructed justice

at the initial sentencing hearing when he testified that (1) until officers pulled the car over, he did not know drugs were in the car or how they got in the car, (2) after the police pulled them over, defendant and Mr. Salas-Batres agreed that defendant would plead guilty in order to make Mr. Salas-Batres look not guilty. The Court also found that defendant had obstructed justice when, shortly before sentencing, he wrote the Court a letter which stated that he did not own the drugs in the car and that he did not bring them from anywhere. See Transcript Of Sentencing (Doc. #67) at 58-63.  Based on defendant's statements, the Court also denied defendant credit for acceptance of responsibility. See id. at 63.  Defendant's total offense level was 30, with a criminal history category I, resulting in a sentencing range of 97 to 121 months. On June 18, 2003, the Clerk entered judgment consistent with the sentence of 121 months imprisonment.[2]

On June 18, 2004, defendant filed the instant motion pursuant to 28 U.S.C. § 2255. Defendant claims that his conviction should be vacated because he was not informed of his right under the Vienna Convention to seek assistance from the Mexican consulate before (1) officers searched the car in which he was riding, (2) officers questioned him and (3) the AUSA and counsel intimidated him to enter his guilty plea by their threat that he would receive 20 years in prison if he went to trial and lost. See Section 2255 Motion (Doc. #62) at 2-4.  In the alternative, defendant argues that his sentence should be reduced because the Court erred in calculating it and counsel was ineffective in failing to object to or appeal the Court's calculation. See id. at 7-10.

## Analysis

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the

---

[2] Because the ten-day deadline for appeal expired Saturday, June 28, 2003, the deadline to appeal was extended to Monday, June 30, 2003. See Fed. R. Civ. P. 6(a).

proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

## I.     Vienna Convention And Calculation Of Sentence

Defendant's claims with regard to the Vienna Convention and his sentence are procedurally barred because he did not raise them on direct appeal. "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (quoting United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992)). Defendant is precluded from raising issues in a Section 2255 petition which were not raised on direct appeal "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." Allen, 16 F.3d at 378. Defendant has not satisfied any of these exceptions. The Court therefore addresses defendant's motion only in the context of his claim for ineffective assistance of counsel.[3]

---

[3]     Defendant's claims are also barred because in the plea agreement, defendant waived his right to collaterally attack his sentence. See Plea Agreement ¶ 9. A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence or to collaterally attack it is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). Here, defendant specifically agreed that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence" and "waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28 U.S.C. § 2255." Plea Agreement ¶ 9. Defendant claims that he did not know that he could contact the Mexican consulate, but he does not otherwise allege that his plea was involuntary or unknowing. The Court conducted a thorough inquiry at the plea hearing. At that time, defendant affirmed that he understood the charge against him, the maximum penalties, the rights he was waiving, and the factual basis for his plea. See Change of Plea Tr. (Doc. #68) at 11-13, 17-20, 33-35. Nothing in the record suggests that defendant's plea was not knowing
(continued...)

## II.     Ineffective Assistance Of Counsel

Liberally construed, defendant's motion alleges that counsel was ineffective because (1) she did not inform him of his right under the Vienna Convention to seek assistance from the Mexican consulate before he entered his guilty plea or object to the fact that officers did not inform defendant of this right before they searched the car and questioned him; and (2) she did not object to the Court's calculation of defendant's sentence or file an appeal on the issue.

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." Walling, 982 F.2d at 449. The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988) (citation omitted), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the

---

[3](...continued)
and voluntary. Except for defendant's claim of ineffective assistance of counsel which the Court addresses separately, defendant's claims are barred by his waiver of the right to collaterally attack his sentence under Section 2255. See United States v. Atterberry, 144 F.3d 1299, 1300 (10th Cir. 1998) (defendant bound by terms of lawful plea agreement).

question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

A hearing on a claim for ineffective assistance of counsel in a Section 2255 proceeding is not required unless (1) defendant alleges specific and particularized facts which, if true, would entitle him to relief and (2) the motion and the files and records of the case do not conclusively show that defendant is entitled to no relief. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); Hatch v. Oklahoma, 58 F.3d 1447, 1457, 1471 (10th Cir. 1995) (same), cert. denied, 517 U.S. 1235 (1996); United States v. Chandler, 291 F. Supp.2d 1204, 1209 (D. Kan. 2003) (same); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by the record); see also Mayes v. Gibson, 210 F.3d 1284, 1287 (10th Cir.) (to warrant hearing on ineffective assistance claim under 28 U.S.C. § 2254, plaintiff must allege facts which "if true and not contravened by the record" would entitle him to relief), cert. denied, 531 U.S. 1020 (2000). Some allegations of ineffective assistance of counsel may be resolved by the district court judge's personal knowledge or recollection, but where a record is available which would support or contradict defendant's claim, the district judge cannot rely solely on her recollection of events to rule on the merits. See Marr, 856 F.2d at 1472.

A.   Effect Of Waiver In Plea Agreement

The Tenth Circuit has held that a plea agreement waiver of post-conviction rights does not waive the right to bring a Section 2255 petition "based on ineffective assistance of counsel claims challenging the

validity of the plea or the waiver." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002). Collateral attacks based on ineffective assistance of counsel outside that narrow category, however, can be waived by a valid plea and waiver. Id.

As explained above, defendant does not allege that his guilty plea or waiver of post-conviction rights was involuntary or unknowing. The Court conducted a thorough inquiry at the plea hearing, during which defendant affirmed that he understood the charge against him, the maximum penalties, the rights he was waiving, and the factual basis for his plea. See Change of Plea Tr. (Doc. #68) at 11-13, 17-20, 33-35. Defendant also acknowledged that his plea was free and voluntary, that no one had forced or threatened him to enter it, and that the only reason he was making a plea was that he was in fact guilty as charged. See id. at 32. The plea agreement explicitly reflects that defendant "knowingly and voluntarily waives any right to . . . collaterally attack any matter in connection with this prosecution and sentence" and "waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28 U.S.C. § 2255." Plea Agreement ¶ 9. Nothing in the record suggests that defendant's plea or waiver of post-conviction rights was not knowing and voluntary.

Defendant alleges that counsel was ineffective because (1) she did not inform him of his right under the Vienna Convention to seek assistance from the Mexican consulate before he entered his guilty plea or object to the failure of officers to do so; and (2) she did not object to the Court's calculation of defendant's sentence or file an appeal on the issue. As to defendant's first argument, the Court construes defendant's argument to be that his plea was not knowing because counsel did not properly inform him about the impact of the Vienna Convention on his case. Because such a claim attacks the validity of his plea, defendant can

raise it in a Section 2255 motion. See Cockerham, 237 F.3d at 1187. On the other hand, defendant has waived any claim that counsel was ineffective based on alleged errors at sentencing and failing to file an appeal of his sentence. Such a claim does not attack the validity of the plea or the waiver. Accordingly, defendant cannot raise it in a Section 2255 petition. See id.

B.  Vienna Convention

Defendant alleges that counsel was ineffective because she did not inform him of his Vienna Convention right to seek assistance from the Mexican consulate before he entered his guilty plea, and she did not object to the fact that officers did not inform defendant of this right before they searched the car and questioned him. For purposes of this motion, the Court assumes – without deciding – that counsel's failure to inform defendant of his right under the Vienna Convention was deficient. On the other hand, counsel's failure to seek suppression of evidence because officers did not inform defendant of his right under the Vienna Convention was not deficient. Even if the Court assumes that the Vienna Convention creates individual rights, suppression of evidence and dismissal of an indictment are not available remedies for a violation of the treaty. See United States v. Minjares-Alvarez, 264 F.3d 980, 986-87 (10th Cir. 2001); United States v. De La Pava, 268 F.3d 157, 165-66 (2d Cir. 2001); United States v. Li, 206 F.3d 56, 60 (1st Cir. 2000). Counsel's performance therefore was not deficient because of failure to object under the Vienna Convention.

Furthermore, as to these claims, defendant has not shown that counsel's performance was prejudicial. To establish prejudice, defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694. Counsel's failure to inform defendant of his right and to object to the fact that officers did not inform

him of his rights was not prejudicial because the Court would not have suppressed evidence or allowed defendant to withdraw his guilty plea. See Minjares-Alvarez, 264 F.3d at 986 (defendants who assert violations of statute or treaty that does not create fundamental rights are not entitled to suppression of evidence unless statute or treaty provides such remedy) (citing Li, 206 F.3d at 61); United States v. Jimenez-Nava, 243 F.3d 192, 199 (5th Cir. 2001); United States v. Page, 232 F.3d 536, 541 (6th Cir. 2000), cert. denied, 532 U.S. 1056 (2001).

Even if the remedies of suppression and withdrawal of a guilty plea were available under the Vienna Convention, defendant has not specifically shown how any alleged violation caused him to confess or to plead guilty. In his motion, defendant acknowledges that he pled guilty because he thought that he would receive only five years instead of 20 years in prison. See Section 2255 Motion (Doc. #62) at 3-4. Defendant has not alleged (1) that if he had been advised of his right to meet with the Mexican consulate, he would have done so or (2) how any meeting with the Mexican consulate would have altered his decision to plead guilty so that he could receive a lesser sentence. Defendant argues that "[h]ad the proscriptions of the Vienna Convention Treaty been adhered to the Movant would not have written said letter [to the Court shortly before sentencing] nor admitted guilt." Section 2255 Motion (Doc. #62) at 4. Defendant's conclusory allegation is insufficient to establish prejudice or to warrant a hearing on his claim. See United States v. Cazares, 60 Fed. Appx. 223, 226 (10th Cir. Mar. 7, 2003) (assuming that withdrawal of guilty plea is available remedy, petitioner failed to show prejudice); United States v. Rios Balderrama, No. MO-00-CR-141, 2004 WL 2595940, at *5 (W.D. Tex. Nov. 12, 2004) (defendant failed to show prejudice from alleged violation of Vienna Convention); Deoca v. United States, No. 01-2247-KAJ, 2004 WL 96741, at *6 (D. Del. Jan. 16, 2004) (violation of Vienna Convention not grounds for federal habeas relief

if petitioner does not show how alleged violation affected plea agreement); Hernandez v. United States, 280 F. Supp.2d 118, 124-25 (S.D.N.Y. 2003) (petitioner must explain how consultation with consulate would have changed actions that he took in the case or altered the outcome of the case in some way); see also Kilpatrick, 1997 WL 537866, at *3 (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); Hatch, 58 F.3d at 1457, 1471 (same); Barboa, 777 F.2d at 1422-23 (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief"). The Court therefore overrules defendant's claim of ineffective assistance of counsel based on the Vienna Convention.

### C. Defendant's Sentence

Even if defendant's claim related to his sentence was not barred by the plea agreement, the Court would nevertheless overrule it on the merits. Defendant alleges that counsel was ineffective because she did not object to the Court's calculation of defendant's sentence or file an appeal on the issue.

#### 1. Objection In District Court

Defendant argues that the Court erroneously sentenced him based on an offense level of 30 instead of a level 25.[4] Defendant simply ignores the Court's rulings at sentencing. Based on defendant's

---

[4] Defendant also argues that the Court should have found that he was eligible for the safety valve provision under 18 U.S.C. § 3553(f). Because the Court determined that the minimum of the applicable guideline range (97 months) was greater than the statutory minimum (60 months), defendant's arguments based on the safety valve provision were moot. See 18 U.S.C. § 3553(f) (court may impose sentence under guidelines even if sentence is less than statutory minimum). In any event, based on the Court's finding that defendant obstructed justice, he was not entitled to any potential benefit of the safety valve provision. See 18 U.S.C. § 3553(f)(5) (defendant must truthfully provide government all information and evidence concerning offense); United States v. Salazar-Samaniega, 361 F.3d 1271, 1276-77 (10th Cir. 2004) (defendant not entitled to safety valve reduction because he provided incomplete or contradictory information); United States v. Roman-Zarate, 115 F.3d 778, 784 (10th Cir. 1997) (defendant ineligible for safety valve where agents testified at sentencing that defendant had failed to fully
(continued...)

inconsistent statements outlined at sentencing, the Court denied defendant credit for acceptance of responsibility and enhanced his offense level by two levels for obstruction of justice under U.S.S.G. § 3C1.1. At the plea hearing, defendant stated that he and his attorney contemplated an offense level around 28 but that it was subject to change based on an enhancement for obstruction of justice and/or denial of a reduction for acceptance of responsibility. See Change of Plea Tr. at 20-21. Defendant has not specifically explained how the Court's calculation of his sentence was erroneous. Because an objection to the Court's calculation of defendant's sentence would have been without merit, counsel's failure to object to the sentence does not constitute deficient performance. Likewise, defendant has not shown that counsel's failure to object to his sentence was prejudicial. Given the discretionary nature of the sentencing issues and the Court's involvement in the underlying hearings which formed the basis for the enhancement for obstruction, a general objection to the length of defendant's sentence would have been futile.

### 2. Failure To File An Appeal

Defendant argues that counsel should have appealed his sentence. Defendant does not allege that he requested counsel to file an appeal, however, or that counsel failed to advise him of his appeal rights.[5] In cases where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed

---

[4](...continued)
disclose particular details of drug operations and that they believed he had lied or been purposely evasive).

[5] Five days after sentencing, counsel sent defendant a letter which advised him of his appellate rights. See Letter From Counsel To Defendant Dated June 14, 2003, attached to defendant's Motion To Vacate, Set Aside, Or Correct Sentence–28 USC § 2255, Motion To Provide Movant With Change Of Plea Transcript, Motion To Provide Movant With Sentencing Transcript, Motion To Extend Time Of Traverse To 28 USC § 2255 (Doc. #62). Counsel explained that based on the waiver of appeal rights in the plea agreement, she thought that any appeal would be frivolous. See id. Counsel advised defendant that if he wished to file an appeal on his own, he could do so. See id.

to have acted in a manner that is both professionally unreasonable and presumptively prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000); United States v. Snitz, 342 F.3d 1154 (10th Cir. 2003). That rule does not apply here because defendant waived his right to post-conviction relief in the plea agreement. See supra part II.A. Even if defendant had not waived his right to post-conviction relief, he has not alleged that he specifically instructed counsel to file an appeal – he alleges only that counsel should have done so. Finally, defendant's plea agreement expressly waived all rights to appeal any sentence "within the guideline range determined appropriate by the court." Plea Agreement ¶ 9. The Court therefore doubts that prejudice should be presumed from the fact that counsel failed to appeal the sentence within the guideline range which the Court determined to be appropriate. See United States v. Thomas, 49 Fed. Appx. 781, 785 (10th Cir. 2002) (counsel not ineffective for failing to file notice of appeal at defendant's request where defendant did not allege that exception to plea waiver applied). Compare United States v. Rentie, No. 4:03-CV-061-Y, 2004 WL 2108259, at *4 (N.D. Tex. Sept. 20, 2004) (counsel not ineffective for failing to perfect appeal where defendant had expressly waived right to appeal conviction and sentence), and Campusano v. United States, No. 03-Civ-2982(SAS), 2004 WL 1824112, at *6 (S.D.N.Y. Aug. 13, 2004) (*per se* rule in Flores-Ortega does not apply where requested appeal is barred by explicit waiver in plea agreement), with Quintero v. United States, 316 F. Supp.2d 711, 718 (N.D. Ind. 2004) (even though right to appeal is very limited, attorney required to do so upon defendant's request), and Helassage v. United States, No. 00-Civ-5717-JSR, 2002 WL 31202714, at *1 (S.D.N.Y. Oct. 2, 2002) (*per se* rule in Flores-Ortega applies even if attorney believes appeal is frivolous and barred by explicit waiver). Because defendant's claim is barred on other grounds, the Court need not reach this issue.

Liberally construed, defendant's motion claims that counsel was ineffective for advising defendant that an appeal would be frivolous and that his sentence "was well within the bounds of the law." Based on the terms of the plea agreement, defendant has not shown that counsel's advice was deficient. Even if counsel's advice was deficient, defendant did not suffer prejudice because he had ample time to file an appeal on his own behalf and counsel specifically advised defendant of his right to do so. See Letter From Counsel To Defendant Dated June 14, 2003, attached to defendant's Motion To Vacate, Set Aside, Or Correct Sentence–28 USC § 2255, Motion To Provide Movant With Change Of Plea Transcript, Motion To Provide Movant With Sentencing Transcript, Motion To Extend Time Of Traverse To 28 USC § 2255 (Doc. #62).

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate, Set Aside, Or Correct Sentence–28 USC § 2255, Motion To Provide Movant With Change Of Plea Transcript, Motion To Provide Movant With Sentencing Transcript, Motion To Extend Time Of Traverse To 28 USC § 2255 (Doc. #62) filed June 18, 2004 be and hereby is **OVERRULED**.

Dated this 7th day of January, 2005, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge