# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                              )<br>                              Plaintiff,      )<br>                                                              )     CRIMINAL ACTION<br>v.                                                           )<br>                                                              )     No. 02-20082-02-KHV<br>SIGIFREDO MORALES-MORALES,     )<br>                                                              )<br>                              Defendant.  )<br>_____) | |

## ORDER

On September 19, 2002, a grand jury returned a two-count indictment which, in part, charged defendant with possession of cocaine with intent to distribute 500 grams or more in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See Indictment (Doc. #14). Defendant pled guilty to that charge. On June 9, 2003, the Court sentenced defendant to a term of imprisonment of 121 months. On June 18, 2004, defendant filed a motion pursuant to 28 U.S.C. § 2255. Defendant claimed that his conviction should be vacated because he was not informed of his right under the Vienna Convention to seek assistance from the Mexican consulate before (1) officers searched the car in which he was riding, (2) officers questioned him and (3) the AUSA and counsel intimidated him to enter his guilty plea by their threat that he would receive 20 years in prison if he went to trial and lost. See Section 2255 Motion (Doc. #62) at 2-4. In the alternative, defendant argued that his sentence should be reduced because the Court erred in calculating it and counsel was ineffective in failing to object to or appeal the Court's calculation. See id. at 7-10. On January 7, 2005, the Court overruled defendant's motion to vacate in its entirety. See Memorandum And Order (Doc. #71). On June 14, 2006, the Court overruled defendant's Rule 60(b)(6) motion for the Court

to reconsider its ruling on the Section 2255 Motion. See Memorandum And Order (Doc. #81). This matter is before the Court on defendant's Petition For Certificate Of Appealability (Doc. #83) filed July 24, 2006.

The denial of a Section 2255 motion is not appealable unless the circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that his motion raises issues that are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir. 1997). For reasons stated in the Court's Memorandum And Order (Doc. #71) filed January 7, 2004 and Memorandum And Order (Doc. #81) filed June 14, 2006, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, his request for a certificate of appealability is overruled.[1]

**IT IS THEREFORE ORDERED** that defendant's Petition For Certificate Of Appealability (Doc. #83) filed July 24, 2006 be and hereby is **OVERRULED**.

Dated this 28th day of August, 2006, at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge

---

[1] At this stage, defendant apparently can only appeal the Court's order which overruled his Rule 60(b)(6) motion. Defendant filed his Rule 60(b)(6) motion over a year after the Court ruled on his Section 2255 motion.